UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF PIBOKEUM MISSION ALLIANCE, | Case No.   26-mc-80089-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is Pibokeum Mission Alliance's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("Application").  Appl., ECF No. 1.  Specifically, Applicant seeks discovery from Google LLC ("Google") for use in a foreign civil lawsuit in the Seoul Central District Court in the Republic of Korea ("Tribunal").  *Id.* at 2.  For the reasons stated below, the Application is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

Applicant is an unincorporated Chistian association in the Republic of Korea with its principal office in Seoul, Korea.  Appl. 1.  Applicant alleges that numerous anonymous YouTube users ("Anonymous Users") posted threatening, false, or insulting comments about the Applicant on various YouTube videos.  *Id.* at 1–2.  On February 19, 2026, Applicant filed a civil tort lawsuit against Anonymous Users in the Tribunal ("Civil Case").  *Id.* at 2.  However, Applicant has been unable to determine the true identity of the Anonymous Users, preventing the Applicant from serving the Anonymous Users or otherwise proceeding with the Civil Case.  *Id.* at 2–3; Decl. of Seong Hyeon-Gyeong Lee ¶ 4 ("Lee Decl.").

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION

1

YouTube users log in to YouTube using their Google accounts. *Id.* at 2. In addition to YouTube, Google accounts are linked to other Google services and accounts, including Google Ads, Google AdSense, and Google Pay. *Id.* To proceed with the Civil Case, Applicant requests a subpoena demanding that Google produce:

> DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS and the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the ACCOUNTS:
> (i) ALL names;
> (ii) ALL dates of birth;
> (iii) ALL addresses;
> (iv) ALL e-mail addresses;
> (v) ALL telephone numbers; and
> (vi) ALL bank names and the account numbers of bank accounts.

Appl. Attachment 1.

Applicant's proposed subpoena also includes a demand that Google produce "DOCUMENTS sufficient to show ten access logs (dates, times, IP addresses, and port numbers) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request." *Id.*

## II.     LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the person from whom discovery is sought resides in the district in which the application is made; (2) the discovery sought is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or "any interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the statutory requirements, the district court still retains "substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926. In *Intel*

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION
2

United States District Court
Northern District of California

*Corp.*, the Supreme Court identified a non-exhaustive list of factors to consider in ruling on a § 1782(a) application. *Intel Corp*, 542 U.S. at 264. These factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or of the United States; and (4) whether the request is unduly burdensome or intrusive. *Id.* at 264–66.

## III.  DISCUSSION

### A.  Statutory Requirements

Applicant has satisfied the three statutory requirements of § 1782(a). First, the residence requirement is met because Google's principal office is in this district. Appl. 5, Decl. of Kyongsok Chong ¶ 6 ("Chong Decl."); *see, e.g.*, *In re Todo*, No. 5:22-mc-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Kim*, No. 5:24-mc-80152-EJD, 2024 WL 3297071, at *2 (N.D. Cal. July 2, 2024) (Google met residence requirement under 28. U.S.C. § 1782(a) because Google's principal office is in Mountain View). Second, the discovery is sought for use in foreign proceedings, as Applicant is actively litigating the Civil Case in the Tribunal. Appl. 2, 6–7. Third, Applicant is an "interested person" in the foreign proceedings, as Applicant is the party bringing the Civil Case in the Tribunal. Appl. 2, 7; *see Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782") (quotation marks and alterations omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory requirements to warrant an order pursuant to § 1782.

### B.  Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION

granting Applicant's *ex parte* application in part. However, the Court finds that the fourth factor weighs against Applicant's specific request for certain bank account information.

### 1.　　Participation of Target in the Foreign Proceeding

The first discretionary *Intel* factor considers whether the discovery target is or will become a participant in the foreign proceeding. The relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." (internal quotation marks and citation omitted)).

Here, Google is not and will not become a party in the Tribunal proceedings, and therefore, the Tribunal would be unable to compel Google to produce the discovery without the aid of § 1782. Chong Decl. ¶ 17. In circumstances such as these, the "need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, No. 22-mc-80077-VKD, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022), *report and recommendation adopted sub nom. Med. Corp. v. Google, LLC*, No. 22-mc-80077-HSG (N.D. Cal. July 22, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting the Application.

### 2.　　Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor, which considers the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance, also favors granting the Application. To evaluate this factor, courts focus on the utility of the evidence sought and whether the foreign tribunal is likely to receive the evidence. *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. Where there is no evidence or case law suggesting that the Tribunal would be unreceptive to the discovery sought, courts tend to "err on the side of permitting discovery." *In re Varian*, 2016 WL

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION
4

1161568, at *4.

Here, the Court is unaware of any evidence that the Tribunal would reject evidence obtained via § 1782. Appl. 6–7. Rather, courts of the Republic of Korea have previously sought judicial assistance from federal courts in this district and have permitted the use of § 1782 discovery in their proceedings. Appl. 7 (citing *In re Request for Jud. Assistance from Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-mc-800016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Starship Entertainment Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023)). Given that there is no authoritative proof that the Tribunal would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting the Application. *See also* Chong Decl. ¶¶ 18, 19.

### 3. Circumvention of Proof-Gathering Restrictions

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264–65. This factor also weighs in favor of granting the Application. "Courts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'" *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (alteration in original) (quoting *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

Here, Applicant's counsel has represented that the Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of the Republic of Korea or the United States of America. Chong Decl. ¶ 20. The Court finds no reason to doubt Applicant's counsel's representations. Given that there is nothing to suggest that the Applicant is attempting to circumvent foreign proof-gathering restrictions, the third *Intel* factor weighs in favor of granting the Application.

### 4. Unduly Intrusive or Burdensome

The fourth factor that the Court must consider is whether the requested discovery is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found that requests

are unduly intrusive and burdensome "where they are not narrowly tailored" and "appear to be a broad 'fishing expedition' for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1043.

Here, Applicant's proposed subpoena seeks documents sufficient to show personally identifying information such as names, dates of birth, addresses, e-mail addresses, and telephone numbers associated with the accounts of the Anonymous Users. Appl. Attachment 1. Applicant also requests the ten most recent access logs from the Anonymous User's accounts, including the dates, times, IP addresses, and port numbers of the YouTube and Google accounts, which were recorded immediately prior to the date on which Google responds to the request. Appl. Attachment 1; Appl. 8. This information is stored by Google in the ordinary course of its business. Chong Decl. ¶ 36.

The Court finds these requests to be narrowly tailored to only seek documents "sufficient to show" the identifying information associated with the Google and YouTube accounts in question, as compared to a request seeking "all documents" relating to the accounts. *In re Kim*, 2024 WL 397071, at *3 (citing *In re Plan & Dev of Educ., Inc.*, No. 21-mc-80242-JCS, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022)). Further, Applicant's request for the access log information is narrowly tailored insofar as it requests only the ten access logs immediately preceding the date on which Google responds to Applicant's request. If Applicant sought access log information over a longer period of time, there would be a greater risk of producing unnecessary or potentially invasive personal information.

The Applicant's proposed subpoena, however, includes a request for documents sufficient to show "ALL bank names and the account numbers of bank accounts" associated with the Anonymous Users' accounts. Appl. Attachment 1, at 2. The Court finds that this request is unduly intrusive as it is not necessary to serve the purpose of ascertaining the identity of the Anonymous Users at this time. *See* Appl. 8 (noting that even if the Applicant is unable to obtain the name, address, and date of birth from Google because the provided information was fictitious, "if the Applicant can obtain the telephone number, e-mail address, *or* banking information of the

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION
6

United States District Court
Northern District of California

users," the Applicant can obtain a court warrant to seek their name or date of birth from the Korean telecommunications company (emphasis added)); *see also In re Chung*, No. 5:25-mc-80383-EJD, 2025 WL 3552405, at *4 (N.D. Cal. Dec. 11, 2025) (finding that a request for financial information associated with a YouTube account was unduly intrusive). Given the especially sensitive nature of banking information and because the Applicant may rely on other information such as Anonymous Users' e-mail addresses or telephone numbers to attempt to ascertain their identities, Applicant has not shown how this request is narrowly tailored to the subject matter of its action.

Therefore, the Court finds that the fourth *Intel* factor favors granting Applicant's request for documents sufficient to show the identity of the users of the ten accounts; however, the Court will exercise its discretion to deny Applicant's request for any bank account information.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Applicant's § 1782 Application satisfies the statutory requirements and that the discretionary *Intel* factors also favor granting the Application as to the documents necessary to ascertain the Anonymous Users' identities, but not as to the requested banking documents.

The § 1782 Application is GRANTED IN PART and DENIED IN PART. Applicant may serve an amended subpoena on Google, which removes all requests for bank account information, along with the following requirements:

1.    Applicant SHALL serve a copy of this Order on Google with the proposed subpoena;

2.    No later than 10 days after service of the subpoena, Google SHALL notify all account users whose personally identifying information is affected by the subpoena that their identifying information is being sought by Applicant and provide a copy of this Order to each account user;

3.    Google SHALL use all means of communications associated with the Google accounts to contact and notify the affected individuals of the subpoena;

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION

4.   Google and each account user whose information is sought may file—no later than thirty days after service or notice—a motion to quash or modify the subpoena before this Court;

5.   Any account user seeking to quash or modify the subpoena may appear and proceed before this Court under a pseudonym;

6.   If any party disputes the subpoena, Google SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;

7.   This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: April 9, 2026

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 26-mc-80089-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPLICATION
8